UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  21-CR-577 (CJN) |
| | : | |
| v. | : | |
| | : | |
| MARC BAIER, | : | |
| | : | |
| RYAN ADAMS, and | : | |
| | : | |
| DANIEL GERICKE | : | |
| | : | |
| Defendants. | : | |

## CONSENT MOTION FOR EXCLUSION OF TIME UNDER
## THE SPEEDY TRIAL ACT

The United States of America and the defendants Marc Baier, Ryan Adams and Daniel Gericke (the "Defendants"), by their respective attorneys, move this Honorable Court for entry of an Order to continue all further criminal proceedings, including trial, until further motion of the parties, based on the entry of the parties' Deferred Prosecution Agreement.  In support thereof, the parties state as follows:

1. The Speedy Trial Act requires that the trial of a defendant charged by Information occur within 70 days from the later of the filing of the Information or the date on which the defendant appeared before a judicial officer in the court in which the charge is pending.  *See* 18 U.S.C. § 3161(c)(l).

2. The Speedy Trial Act, 18 U.S.C. §§ 3161(h)(2) & (7)(A), further provides that:

> The following periods of delay shall be excluded in computing the time within which an information ... must be filed, or in computing the time within which the trial of any such offense must commence:
> . . .

> (2) Any period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct. . . .
>
> 7(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

3. On or about September 7, 2021, the United States and the Defendants entered into a written Deferred Prosecution Agreement (the "Agreement"), a true, correct, and complete copy of which is attached hereto and incorporated by reference as Exhibit A.[1]

4. In Paragraph 1 of the Agreement, the Defendants agreed to waive indictment and agreed to the filing of a two-count Information in this Court charging them with conspiracy to commit certain offenses, in violation of 18 U.S.C. § 371. The Defendants further agreed to waive any legal or Constitutional right to a speedy trial.

5. Pursuant to Paragraphs 1 through 4 of the Agreement, and in light of the Defendants' willingness to: (i) admit, accept, and acknowledge responsibility for their actions as detailed in the Statement of Facts attached to the Agreement; (ii) cooperate with the United States; (iii) accept the employment restrictions in the Agreement; and (iv) pay the monetary penalty referred to in Paragraphs 19 through 22 of the Agreement, pursuant to 18 U.S.C. §§ 3161(h)(2) & (7)(A), the United States respectfully moves that this Court exclude from the computation of time under the Speedy Trial Act a period of three and a half (3.5) years from the date on which the Information is filed.

6. The United States and the Defendants believe that such a delay and speedy

---

[1] The Agreement has been redacted to remove the identification of uncharged entities. If the Court wishes, the government can file the unredacted Agreement under seal.

trial exclusion will allow the Defendants to demonstrate their good conduct and therefore seek the approval of this Court to delay trial. *See* 18 U.S.C. § 3161(h)(2); *United States v. Fokker Services, B.V.*, 818 F.3d 733, 744 (D.C. Cir. 2016) (recognizing that the Court's authority under the Speedy Trial Act in cases involving deferred prosecution agreements is limited to assure that the agreement is not "a pretext intended merely to evade the Speedy Trial Act's time constraints"). The United States and the Defendants also believe that such a delay would serve the ends of justice and would outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 316l(h)(7)(A).

7. The Defendants consent to this motion, and have expressly waived any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, 18 U.S.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the District of Columbia for the period that the Agreement is in effect.

8. The United States agrees that if each Defendant fully complies with all of their obligations under the Agreement, the United States, within six months of the Agreement's expiration, will move this Court to dismiss with prejudice the Information filed against those fully compliant Defendants.

9. For all the reasons stated above, the United States, with the consent of the Defendants, respectfully requests that this Court enter an Order approving the Agreement, continuing all further criminal proceedings, including trial, for a period of three and a half (3.5) years from the date on which the Information is filed, and excluding three and a half (3.5) years in computing the time within which any trial must be commenced upon the

charges contained in the Information filed against the Defendants, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(2) & (7)(A).

Respectfully Submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA

By: _____
Tejpal S. Chawla
Demian Ahn
Assistant United States Attorneys

MARK J. LESKO
ACTING ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION

By: _____
Ali Ahmad
Counsel for Cyber Investigations
Scott Claffee
Trial Attorney
Counterintelligence & Export Control Section